UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JOSHUA STUART,

Defendant.

**MEMORANDUM & ORDER**
18-CR-586 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On February 25, 2020, Joshua Stuart ("Defendant") pled guilty to Counts One and Two of a three-count Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 121 months of incarceration to run consecutively to Defendant's undischarged New York state court sentence, 3 year(s) of supervised release, and a $ 200 mandatory special assessment.

## BACKGROUND

On October 2, 2018, the Government filed a Complaint against Defendant alleging: (1) one count of Hobbs Act Robbery in violation of 18 U.S.C. § 1951; (2) one count of Brandishing a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(ii); and (3) one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). On October 30, 2018, a Grand Jury returned an Indictment on all three counts. On February 25, 2020, Defendant pled guilty to Counts 1 and 2 of the Indictment pursuant to a plea agreement. On October 21, 2020, this Court entered a preliminary order of forfeiture as to Defendant, which he agreed to pursuant to his plea agreement. The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The

"starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

#### *a. Defendant's Personal Characteristics*

Defendant was raised in in Brooklyn, New York until the age of 12 when his family moved to Ulster County, New York. Presentence Investigation Report ("PSR"), ECF No. 21, ¶¶ 46–65. Defendant's father passed away from a heroin overdose in 1984. *Id.* Defendant's mother resides in Kerhonkson, New York and works as a nurse. *Id.* Defendant had two full

siblings, one passed away in 1994 from a self-inflicted gunshot wound and the other resides in Accord, New York. *Id.* Defendant has two maternal half-siblings who both reside with Defendant's mother. *Id.* Defendant's parents divorced when he was 3 years old and his mother remarried, which ended 20 years later in divorce. *Id.* Defendant reported having a "fairly good" childhood in which his mother and stepfather provided for the children. *Id.*

Defendant graduated from Rondout High School in Ulster County, New York in 1995. *Id.* During the presentence investigation interview, he could not recall the last time he held a job "on the books." *Id.* His mother thought that he supported himself by casino gambling. *Id.*

Defendant has no current health conditions and reported no history of mental or emotional health problems. *Id.* He was shot in 2005 following an argument with another individual. *Id.* He reported no debilitating issues relating to this injury. *Id.* Defendant has no marital history and is not currently in a relationship. *Id.* His daughter, Alexandra Hardy, is 23 years old, currently resides with Defendant's mother, and is employed as a lifeguard at Mohonk Mountain House in New Paltz, New York. *Id.* She is aware of the instant offense and, reportedly remains supportive.

Defendant has an extensive history of drug abuse and addiction including periods of significant use of marijuana, cocaine, heroin, and alcohol. *Id.*

*b. Defendant's Criminal History*

Defendant's criminal history includes conviction for Burglary in the Third Degree, Grand Larceny in the Third Degree, Harassment in the Second Degree, Assault in the Third Degree, Robbery in the First Degree, Criminal Possession of a Weapon in the Second Degree and Burglary in the First Degree. *Id.* ¶¶ 23–44.

On or about September 28, 2018, at approximately 4:10 A.M., Defendant was a patient in the emergency room at the Ellenville Regional Hospital in Ellenville, New York. PSR ¶ 32. According to a nurse at the hospital, Defendant demanded pain medication and, when none was provided to him, he pulled a firearm out of his personal belonging and fired a round at a Demerol dispenser. *Id.* Defendant then stole approximately 33 vials of Demerol from the hospital and fled. *Id.* Defendant left the hospital and encountered the New York State Department of Environmental Protection Police approximately 5 miles away. *Id.* At that time, Defendant exited his truck and fired his weapon, which caused the officers to return fire. *Id.* For this conduct, Defendant received a 42-year sentence in Ulster County Court on December 6, 2019, which he will serve upon completion of the instant sentence. *Id.*

*c. Underlying Criminal Conduct*

On October 1, 2018, Defendant entered a Brooklyn tobacco store, approached the counter while displaying a firearm, and demanded that a store employee give Defendant his cellular phone and money from the register. *Id.* ¶¶ 5–7. Defendant removed $50 in cash from the register, a credit card and debit card from the employee's wallet, and cigarettes. *Id.* He then fled the premises and the store employee called 911 to report that he was robbed at gunpoint. *Id.* Law enforcement was later notified by a security guard that Defendant has been identified sitting on a park bench overlooking the Gowanus Canal. *Id.* Law enforcement responded to the area and upon identifying themselves, Defendant fled on foot, and jumped into the canal. *Id.* He was apprehended in the canal and placed under arrest. *Id.* Defendant was found in possession of the firearm that was displayed at the store robbery earlier in the day. *Id.* At the time of the instant offense, he was fleeing the armed robbery of the hospital in Ulster County, New York. *Id.*

**B. The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity, from disregarding U.S. law, and from engaging in illicit activity.

**C. The Kinds of Sentences Available**

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

For Count 1, the maximum term of imprisonment is 20 years, there is no minimum term. 18 U.S.C. § 1951(a). For Count 2, the minimum term of imprisonment is 7 years and the maximum term is life. 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 924(c)(1)(A)(ii). The term of imprisonment for Count 2 must be imposed consecutively to any other counts.

For Count 1, the Court may impose a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2). For Count 2, the Court may impose a term of supervised release of not more than 5 years. 18 U.S.C. § 3583(b)(1). Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e). Defendant is ineligible for probation because it is expressly precluded on Count 2 and he therefore must be sentenced to a term of custody on both counts. 18 U.S.C. §§ 924(c)(1)(D), 3561(a)(2), and 3561(a)(3).

The maximum fine for both counts is $250,000.00. 18 U.S.C. § 3571(b)(3).

Additionally, there is a mandatory $200.00 special assessment, *i.e*., $100.00 per count. 18 U.S.C. § 3013.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id*. § 3553(a)(4)(A).

Count 2 is specifically excluded from the multiple-count adjustment analysis, per United States Sentencing Guideline ("USSG") Section 3D1.1(b)(1), so no multiple-count analysis is required. For Count 1, the applicable guideline is USSG Section 2B3.1. That section provides a base offense level of 20. USSG § 2B3.1. Ordinarily, a firearm adjustment would be applied, per Guideline Section 2B3.1(b)(2); however, Application Note 4 to Guideline Section 2K2.4 states that if the defendant is convicted for an 18 U.S.C. § 924(c) offense corresponding to the underlying offense, any specific offense characteristic for possession, use, or discharge of a firearm is not applied in respect to the underlying offense. Accordingly, no adjustment is made. Defendant has clearly demonstrated acceptance of responsibility for the offense. Thus, the offense level is decreased by three levels. USSG § 3E1.1(a) and (b). This calculation results in a total offense level of 17 on Count 1.

For Count 2, the applicable guideline is USSG § 2K2.4. The Guideline sentence is the term of imprisonment required by statute, in this case, 7 years.

Because Defendant's criminal history category is III, he is facing an advisory guideline range of 30 to 37 months custody for Count 1 and a mandatory minimum sentence of 7 years custody for Count 2. Accordingly, the effective guidelines range is 114 to 121 months of

imprisonment. The fine range for this offense is $15,000.00 to $150,000.00. USSG § 5E1.2(c)(3). However, Probation states Defendant appears unable to pay a fine.

Probation recommends one hundred and twenty-one (121) months of custody followed by three (3) years of supervised release with special conditions to run consecutively to Defendant's undischarged New York state sentence. The Government recommends a Guidelines sentence to run consecutively to Defendant's undischarged New York state sentence. Defense counsel asks the court to be "as lenient as possible" given the lengthy sentence Defendant is facing in state court.

**E. Pertinent Policy Statement(s) of the Sentencing Commission**

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). This factor is not relevant to Defendant's sentencing.

**F. The Need to Avoid Unwarranted Sentence Disparities**

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

**G. The Need to Provide Restitution**

Finally, the seventh § 3553(a) factor, which requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7). Restitution shall be ordered in this case. However, the restitution amount remains unknown, as the store and the victim employee have not yet provided affidavits of loss and Probation notes the record remains

unclear as to whether the stolen cash and goods were seized by the arresting officers and returned to their rightful owners.

**CONCLUSION**

A sentence of 121 months of incarceration to run consecutively to Defendant's undischarged state court sentence, 3 year(s) of supervised release, and a $200 mandatory special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the addenda thereto, barring any errors contained therein, to the extent they are not inconsistent with this opinion.

**SO ORDERED.**

s/ WFK
______________________________
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 3, 2021
Brooklyn, New York